U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

MAR 2 1 53 PM '01

CLERK
BY  LB
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| CGU ANNUITY SERVICE CORPORATION and CGU LIFE INSURANCE COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY J. REMICK, SINGER ASSET FINANCE COMPANY, LLC, SETTLEMENT FUNDING, LLC d/b/a PEACHTREE SETTLEMENT FUNDING and PEACHTREE FINANCE COMPANY, LLC,<br><br>Defendants. | Case No. _____<br><br>1:01-cv-76 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs CGU Annuity Service Corporation and CGU Life Insurance Company of America complain as follows:

### PARTIES

1. CGU Annuity Service Corporation, f/k/a CU Annuity Service Corporation ("CGU Annuity") is a Delaware corporation with its principal place of business in Quincy, Massachusetts. CGU Annuity does business in the State of Vermont.

2. CGU Life Insurance Company of America, f/k/a CU Life Insurance Company of America ("CGU Life") is a Delaware corporation with its principal place of business in Quincy, Massachusetts. CGU Life does business in the State of Vermont.

3. On information and belief, Defendant Bradley J. Remick ("Remick") is and has at all relevant times been a resident and citizen of the Town of Williston, State of Vermont.

HOFF, CURTIS, PACHT,
CASSIDY & FRAME, P.C.
LAW OFFICES
100 MAIN STREET
P.O. BOX 1124
BURLINGTON, VERMONT
05402-1124

4. On information and belief, Defendant Singer Asset Finance Company, LLC ("Singer Finance") is a Florida corporation with its principal place of business in Boca Raton, Florida. Singer Finance does business in the State of Vermont.

5. On information and belief, Defendant Settlement Funding, LLC d/b/a Peachtree Settlement Funding ("Peachtree Settlement") is a Georgia corporation with its principal place of business in Norcross, Georgia. Peachtree Settlement does business in the State of Vermont.

6. On information and belief, Defendant Peachtree Finance Company, LLC ("Peachtree Finance") is a Georgia corporation with its principal place of business in Norcross, Georgia. Peachtree Finance does business in the State of Vermont.

## JURISDICTION AND VENUE

7. Jurisdiction is based on diversity of citizenship, 28 U.S.C. §1332, and amount in controversy, exclusive of interest an costs, in excess of $75,000, and the Declaratory Judgments Acts, 28 U.S.C. §2201.

8. The venue is properly laid in the District of Vermont pursuant to 28 U.S.C. §1391(A).

## GENERAL ALLEGATIONS

9. On or about May 10, 1993, Bradley J. Remick suffered injuries arising out of an automobile accident involving an automobile owned and/or driven by Darlene Merrill ("Merrill").

10. At the time of the accident, Merrill had an automobile insurance policy with Commercial Union Insurance Company ("Commercial Union").

11. On December 15, 1995, a Settlement Agreement and Release ("Settlement Agreement") was entered into by and between Stephen Pollack, individually and as guardian *ad litem* and next friend of Bradley Remick, then a minor, Merrill, as the Insured, and Commercial Union as the

HOFF, CURTIS, PACHT,
CASSIDY & FRAME, P.C.
LAW OFFICES
100 MAIN STREET
P.O. BOX 1124
BURLINGTON, VERMONT
05402-1124

2

Insurer. Pursuant to the Settlement Agreement, Remick released and discharged any claims relating to the accident in consideration for a lump sum payment in the amount of $59,439.34, as well as periodic lump sum payments ("Scheduled Payments") that were to be made to Remick over time in accordance with the following schedule:

### Lump Sum Payments

$10,000 payable on March 1, 1997
$13,500 payable on March 1, 1999
$17,000 payable on March 1, 2001
$20,500 payable on March 1, 2003
$24,000 payable on March 1, 2005
$27,500 payable on March 1, 2007
$31,000 payable on March 1, 2009
$34,500 payable on March 1, 2011
$38,000 payable on March 1, 2013
$41,500 payable on March 1, 2015

12. Maine law applies to the Settlement Agreement pursuant to the express terms therein.

13. The Settlement Agreement expressly provided that Remick did not have the "power to sell or mortgage or encumber" the Scheduled Payments.

14. The Settlement Agreement expressly permitted Merrill and/or the Commercial Union to make a "qualified assignment" of Merrill's and/or Commercial Union's liability to make the Scheduled Payments.

15. The Settlement Agreement permitted Merrill, Commercial Union or its assignee to fund its liability to make the Scheduled Payments through the purchase of an annuity policy from CGU Life.

16. On or about December 15, 1995, Commercial Union, CGU Annuity, Remick, Remick's guardian and Remick's attorney executed a Uniform Qualified Assignment and Release ("Qualified Assignment"), within the meaning and subject to the conditions of Section 130(c) of

HOFF, CURTIS, PACHT,
CASSIDY & FRAME, P.C.
LAW OFFICES
100 MAIN STREET
P.O. BOX 1124
BURLINGTON, VERMONT
05402-1124

3

the Internal Revenue Code of 1986, whereby Commercial Union assigned its rights and obligations under the Settlement Agreement to CGU Annuity. Accordingly, CGU Annuity assumed the role of the entity obligated to make the Scheduled Payments to Remick.

17. On or about January 3, 1996, CGU Annuity purchased a Single Premium Annuity, Contract No. 0C357918, from CGU Life as expressly permitted by the Settlement Agreement.

18. CGU Annuity is the "owner" of the annuity policy.

19. On or before March 1, 1997, CGU Life paid to Remick the sum of $10,000 pursuant to the Scheduled Payments under the Settlement Agreement.

20. On or about March 10, 1998, Remick and Singer Finance entered into a "Purchase Agreement" wherein Remick purportedly "assigned" to Singer Finance his future Scheduled Payments under the Settlement Agreement. In exchange, Singer Finance paid to Remick an unknown sum of money.

21. On or about September 23, 1998, Remick sent a letter to CGU Life requesting that the remaining Scheduled Payments be sent to his savings account with the Vermont National Bank, P.O. Box 804, Brattleboro, Vermont. Pursuant to this request, this change was subsequently made and notice of same was sent to Remick in a letter dated October 2, 1998.

22. At some time after March 10, 1998, Singer Finance assigned or otherwise transferred its purported rights under the Purchase Agreement to Peachtree Settlement.

23. Peachtree Settlement subsequently assigned the above-described Purchase Agreement to Peachtree Finance, purportedly giving Peachtree Finance the right to receive the remaining Scheduled Payments. Peachtree Settlement is the "servicer" for Peachtree Finance.

24. On or before March 1, 1999, CGU Life sent the next Scheduled Payment of $13,500 to Remick at the Vermont National Bank account in Brattleboro, Vermont. On information and

IOFF, CURTIS, PACHT,
ASSIDY & FRAME, P.C.
LAW OFFICES
100 MAIN STREET
P.O. BOX 1124
BURLINGTON, VERMONT
05402-1124

4

belief, Defendants Singer Finance, Peachtree Settlement and/or Peachtree Finance obtained the Scheduled Payment sent to the Vermont National Bank account.

25. In a letter dated January 25, 2001 from Peachtree Settlement to CGU Annuity and CGU Life, Peachtree Settlement informed the Plaintiffs that Remick "defaulted" on his obligation under the Purchase Agreement with Peachtree Settlement "by diverting the assigned payments and by failing to meet his continuing obligations thereunder."

26. In this same letter, Peachtree Settlement demanded that all of the payments due to Remick pursuant to the Settlement Agreement "be paid and delivered to Peachtree Finance." Moreover, Peachtree Settlement threatened that if CGU Annuity or CGU Life "ma[d]e payments to any person or entity other than Peachtree Finance Company, LLC on or after the date you have been provided notice of this assignment and a direction/demand to make payments to the assignee, such payment shall not relieve CGU Annuity Services Corporation of its obligations under the referenced Settlement agreement and shall result in CGU Annuity Service Corporation having continuing liability to Peachtree Finance Company, LLC for such payments."

## COUNT I
### (Declaratory Judgment)

27. Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 26 above as if set forth herein.

28. The Settlement Agreement did not give Remick the power to assign the Scheduled Payments to any third-party

29. Remick purportedly assigned his rights to the Scheduled Payments to Singer Finance, and such rights were later claimed by Peachtree Settlement.

30. Peachtree Settlement purportedly assigned its rights to the Scheduled Payments to

IOFF, CURTIS, PACHT,
ASSIDY & FRAME, P.C.
LAW OFFICES
100 MAIN STREET
P.O. BOX 1124
BURLINGTON, VERMONT
05402-1124

5

Peachtree Finance.

31. Plaintiffs have no contractual duty to make the Scheduled Payments to any person or entity other than Remick.

WHEREFORE, Plaintiffs ask that the Court:

(a) declare Remick had and/or has no power to assign the Scheduled Payments of the annuity contract;

(b) declare the Purchase Agreement between Remick and Singer Finance, Peachtree Settlement and/or Peachtree Finance is void and/or voidable;

(c) declare Plaintiffs have no obligation under the terms of the Settlement Agreement to make payments to any person or entity other than Remick himself at his known address;

(d) permit the Plaintiffs to deposit with the Court any Scheduled Payments due during the pendency of this action pursuant to Federal Rule of Civil Procedure 67;

(e) Such other relief to Plaintiffs that the Court deems just and proper.

## COUNT II
### (Breach of Contract - Bradley Remick)

32. Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 31 above as if set forth herein.

33. The Settlement Agreement by and between Remick and Commercial Union, which was subsequently assigned to CGU Annuity, represents a valid existing contract, the terms of which require CGU Annuity to pay the Scheduled Payments only to Remick.

34. The Settlement Agreement does not give Remick the power to assign, encumber or otherwise transfer his right to receive the Scheduled Payments specified therein to any third-party.

35. In derogation of the terms of the Settlement Agreement, Remick has purported to assign

HOFF, CURTIS, PACHT,
CASSIDY & FRAME, P.C.
LAW OFFICES
100 MAIN STREET
P.O. BOX 1124
BURLINGTON, VERMONT
05402-1124

6

his right to receive the Scheduled Payments to at least one third-party.

36. Remick's purported assignment of his right to receive the Scheduled Payments under the Settlement Agreement constitutes a breach of the express terms of the Settlement Agreement.

WHEREFORE, Plaintiffs ask that the Court:

(a) find Remick breached the Settlement Agreement;

(b) award Plaintiffs damages for said breach; and

(c) and other such relief to Plaintiffs that the Court deems just and proper.

### COUNT III
**(Interference with Contractual Relations: Annuity Contract - Bradley Remick, Singer Finance, Peachtree Settlement and Peachtree Finance)**

37. Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 36 above as if set forth herein.

38. The annuity contract between CGU Annuity and CGU Life constitutes and represents a valid existing contract, the terms of which require CGU Life to make payments pursuant to the Settlement Agreement only to Remick.

39. The Defendants are, by fraud and/or intimidation, improperly attempting to force CGU Life to breach the annuity contract by, inter alia, executing an "Irrevocable Special Power of Attorney" which purports to allow Defendants to negotiate checks made out to Remick, by providing to Plaintiffs false information about Remick's mailing address with full knowledge that Remick continues to reside and collect mail in Williston, Vermont, and by entering into assignment agreements without providing complete notice thereof to either CGU Annuity or CGU Life, which purport to require such entities to make payments to Remick in Brattleboro, Vermont.

WHEREFORE, Plaintiffs request the Court grant the following relief:

HOFF, CURTIS, PACHT,
CASSIDY & FRAME, P.C.
LAW OFFICES
100 MAIN STREET
P.O. BOX 1124
BURLINGTON, VERMONT
05402-1124

7

1. Find that Remick, Singer Finance, Peachtree Settlement and Peachtree Finance tortiously interfered with CGU Life's contract with CGU Annuity; and/or a declaration that Remick has no power to assign the Scheduled Payments of the annuity contract;

2. An assessment against Defendants of Plaintiffs' attorney's fees and costs relating to the bringing of this action; and

3. Such other relief to Plaintiffs that the Court deems just and proper.

## COUNT IV
### (Interference With Contractual Relations: Settlement Agreement and Qualified Assignment - Singer Finance, Peachtree Settlement and Peachtree Finance)

40. Plaintiffs repeat and reallege each allegation set forth in paragraph 1 through 39 above as if set forth herein.

41. The Settlement Agreement and Qualified Assignment constitute and represent valid existing contracts, the terms of which require, *inter alia*, CGU Life to make the Scheduled Payments only to Remick.

42. Singer Finance, Peachtree Settlement and Peachtree Finance are, by fraud and/or intimidation, improperly attempting to force CGU Life to breach the Settlement Agreement and Qualified Assignment by, *inter alia*, executing an "Irrevocable Special Power of Attorney" which purports to allow Defendants to negotiate checks made out to Remick, by providing to Plaintiffs false information about Remick's mailing address with full knowledge that Remick continues to reside and collect mail in Williston, Vermont, and by entering into assignment agreements without providing complete notice thereof to either CGU Annuity or CGU Life, which purport to require such entities to make payments to Remick in Brattleboro, Vermont.

WHEREFORE, Plaintiffs request the Court grant the following relief:

1. Find that Singer Finance, Peachtree Settlement and Peachtree Finance tortiously interfered with the parties' rights under the Settlement Agreement and the Qualified Assignment; and/or a declaration that Remick had and/or has no power

OFF, CURTIS, PACHT,
ASSIDY & FRAME, P.C.
LAW OFFICES
100 MAIN STREET
P.O. BOX 1124
BURLINGTON, VERMONT
05402-1124

8

to assign the Scheduled Payments of the annuity contract;

2. An assessment against Defendants of Plaintiffs' attorney's fees and costs relating to the bringing of this action; and

3. Such other relief to Plaintiffs that the Court deems just and proper.

Dated at Burlington, Vermont this 2nd day of March, 2001.

_____
Thomas H. Somers
Attorney for Plaintiffs
CGU Annuity Service Corporation and
CGU Life Insurance Company of America

Hoff, Curtis, Pacht, Cassidy & Frame, P.C.
100 Main Street
P.O. Box 1124
Burlington, VT 05402-1124

_____
Robert C. Brooks
Steven E. B. Lechner
Attorneys for Plaintiffs
CGU Annuity Service Corporation
CGU Life Insurance Company of America

VERRILL & DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112-0586
(207)774-4000

4046\Pleadngs\Complaint

HOFF, CURTIS, PACHT,
CASSIDY & FRAME, P.C.
LAW OFFICES
100 MAIN STREET
P.O. BOX 1124
BURLINGTON, VERMONT
05402-1124

9